45 C.C.P.A. (Patents).

**Application of Francis Lockwood O'BRIEN.**

**Patent Appeal No. 6425.**

United States Court of Customs and Patent Appeals.
June 18, 1958.

Willis B. Rice, New York City (Robert I. Dennison, Washington, D. C., of counsel), for appellant.

Before JOHNSON, Chief Judge, and O'CONNELL, WORLEY and RICH, Judges.

PER CURIAM.

This case comes up for consideration of motions by the Solicitor of the United States Patent Office to correct diminution of record and for "Summary Judgment of Affirmance," and a petition by appellant for permission to amend his appeal and to file a supplementary brief.

The record shows that the examiner rejected appellant's claims on a patent to Muller, in "view of Hanert, Hammond or Kannenberg." the latter three patents being relied on as showing essentially the same feature. In affirming that rejection the Board of Appeals said:

> "We have studied the subsidiary art and find that Kannenberg and Hanert are cumulative only relative to Hammond. We will, therefore, confine our further attention to Hammond and Muller."

Appellant, in his reasons of appeal, did not mention the Kannenberg or Hanert patent, and those patents are not included in the record; and it is from that omission that the instant motions and petition arise.

The motion to correct diminution of record seeks the addition of the Kannenberg and Hanert patents. Since those patents were relied on by the examiner and his decision with respect to them was not reversed by the board they clearly should have been included in the record; and this does not appear to be disputed by appellant. The motion to correct diminution is accordingly granted.

The "Motion for Summary Judgment of Affirmance" is based on the contention that since there is no specific assignment of error with respect to the Kannenberg and Hanert patents, this court is bound to affirm the rejection so far as it is based on those patents, and the issues raised in the assignments of error are therefore moot.

Neither the applicable statutes nor the rules of this court contain any provision for a "summary judgment of affirmance." On the contrary, Title 35 U.S.C. § 143 provides that, prior to a decision on the merits, the court shall afford a hearing and the Commissioner shall furnish the court with the grounds of the decision of the Patent Office in writing "touching all the points involved by the reasons of appeal." The motion for "summary judgment of affirmance" is accordingly dismissed.

Appellant's petition seeks permission to include in the reasons of appeal a reference to the Kannenberg and Hanert patents, and to file a supplementary brief with respect thereto. It appears that the determination of the questions raised by that petition will require consideration of the entire record, which would involve a duplication of the consideration necessary at the hearing of the appeal. The petition is accordingly denied without prejudice to its renewal at that time.

In accordance with the request contained in the motion to correct diminution of the record the time for filing the Commissioner's brief is reset to expire July 24, 1958.